UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO DAVIS,

                Petitioner,         Case Number 2:14-cv-10019
                                                       Honorable Paul D. Borman

JOHN PRESLINIK,

                Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT AND COMPELLING ANSWER ADDRESSING THE MERITS OF THE PETITION**

Antonio Davis, ("petitioner"), presently confined at the Handlon Correctional Facility in Ionia, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his November 8, 2007, Wayne Circuit Court conviction for second-degree murder, MICH. COMP. LAWS § 750.317, possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b(1), and felon in possession of a firearm. MICH. COMP. LAWS § 750.224(f)(2). Respondent has filed a motion for summary judgment contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply to the motion. For the reasons stated below, the motion for summary judgment is denied and respondent is ordered to file an answer addressing the merits of the petition within sixty days of the Court's order.

I. BACKGROUND

Following his conviction and sentence, petitioner filed an appeal of right in the

Michigan Court of Appeals. On February 18, 2010, the Michigan Court of Appeals issued an unpublished opinion affirming the convictions. *People v. Davis*, No. 287476 (Mich. Ct. App. 2010). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On July 26, 2010, the Michigan Supreme Court denied the application. *People v. Davis*, 784 N.W.2d 808 (Mich. 2010) (table).

Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court. The petition was denied on January 10, 2011. *Davis v. Michigan*, No. 10-7253 (U.S. Jan. 10, 2011).

On December 5, 2011, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied on March 13, 2012. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, and it was denied on May 30, 2013. *People v. Davis*, No. 312326 (Mich. Ct. App. May 30, 2013). Petitioner applied for leave to appeal in the Michigan Supreme Court, but he was denied relief on November 25, 2013. *People v. Davis*, 839 N.W.2d 464 (Mich. 2013) (table).

Petitioner dated his present habeas petition on December 23, 2013, and it was filed in this Court on January 3, 2014. Respondent acknowledges that the petition is considered filed as of the date petitioner signed it under penalty of perjury. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

-2-

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman*, 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id*. The summary judgment rule applies to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. See *Corbin v. Straub*, 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. See *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The Michigan Supreme Court denied petitioner's application for leave to appeal from his appeal of right on July 26, 2010. The one year statute of limitations under 28 U.S.C. § 2244(d)(1), however, did not begin to run at that time. If a petition for a writ of certiorari in the U.S. Supreme Court is filed after the state supreme court denies relief, the limitations period begins to run the day after the petition for a writ of certiorari is adjudicated. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on January 10, 2011, when his petition for writ of certiorari was denied by the U.S. Supreme Court, and the limitations period began running on January 11, 2011.

Petitioner filed his motion for relief from judgment on December 5, 2011, after 328 days had elapsed under the statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. See *Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 1283 (2011). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

Because petitioner filed his post-conviction motion after 328 days had elapsed under the one year limitations, petitioner had 37 days remaining to file his habeas petition following the conclusion of his state post-conviction review proceedings. State post-conviction review proceedings were completed on November 25, 2013, when the Michigan Supreme Court denied petitioner's application for leave to appeal. Petitioner signed and dated his habeas

petition on December 23, 2013, 28 days later. That is, petitioner still had nine days remaining on the limitations period when he commenced this action.

The Court will therefore deny the motion for summary judgment and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within sixty days of the Court's order. See *Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Court ORDERS that the motion for summary judgment [Dkt. # 9] is DENIED.

The Court further ORDERS respondent to submit an answer addressing the merits of petitioner's habeas claims within SIXTY DAYS of the date of this order.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 12, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 12, 2015.

s/Deborah Tofil
Case Manager